UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIS REINSURANCE CO.,

    Plaintiff,

v.                        Case No. 8:08-cv-569-T-33TBM

TRAVIS RESMONDO,

    Defendant.
_____/

## ORDER

This matter is before the Court on Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 56), filed on May 8, 2009. Defendant Travis Resmondo filed objections to the report and recommendation (Doc. # 60) on May 20, 2009, and Plaintiff Axis Reinsurance Co. ("Axis") filed a response to those objections (Doc # 65) on May 27, 2009.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews

legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Axis filed this declaratory action in admiralty on September 19, 2009, seeking a determination as to its rights and responsibilities arising from a marine insurance policy it issued to Resmondo on April 6, 2007. (Doc. # 1). Axis claims that Resmondo's damages arising from the partial sinking or hull failure of his insured vessel are not covered by the insurance contract. In Count I (Express Contract Exclusion), Axis alleges that certain express contract provisions exclude coverage for Resmondo's losses. (Id. at 3-4). Count II (Lack of Fortuity) alleges that, pursuant to admiralty law, the insurance policy does not cover Resmondo's damages because they were non-fortuitous or inevitable. (Id. at 4). In Count III (Breach of Implied Warranty of Seaworthiness), Axis alleges that general maritime law imposes an absolute warranty of seaworthiness at the moment of attachment of the marine insurance contract, and that defects in Resmondo's vessel that pre-dated the effective date of the policy render the policy void *ab initio*. (Id. at 4-5).

On November 7, 2008, Axis moved for summary judgment on all three counts of its complaint. (Doc. # 29). The motion was referred to Magistrate Judge McCoun for issuance of a report and recommendation. (Doc. # 34). Judge McCoun conducted oral arguments on the motion on April 13, 2009. (Doc. # 52). Based upon the parties' oral arguments, as well as deposition transcripts, affidavits, and other documentary evidence of record, Judge McCoun recommended that Axis's motion for summary judgment be granted as to Counts I and II of its complaint, and denied as to Count III. (Doc. # 56 at 23). Judge McCoun determined that summary judgment should be granted on liability under the marine insurance contract because (1) the partial sinking of Resmondo's vessel was not a "fortuitous" event as that term is used in the subject insurance policy, and (2) the "wear and tear" exclusion to coverage contained in the policy should be applied to bar Resmondo's claims.[1] (Id. at 12-21).

Resmondo objects to Judge McCoun's findings and

---

[1] Judge McCoun stated that he was unsure to what extent, if any, Axis's motion was intended to address the damages resulting from the hull failure that apparently occurred while the vessel was dry-docked. (Doc. # 56 at 17 n. 9). Judge McCoun instructed the parties to address this issue during the objection period. (Id.) Axis indicates in its response that the parties have resolved the hull failure claim. (Doc. # 65 at 7).

recommendations as to Counts I and II, but asserts no objections as to Count III.  Regarding Count II, Resmondo argues that disputed issues of material fact exist as to whether the cause of the sinking was a fortuitous event.[2]  As to Count I, Resmondo argues that the magistrate judge's conclusion that it is an undisputed fact that the sinking was caused by wear and tear failed to take into consideration the totality of Axis's expert report.  In addition, Resmondo disagrees with the magistrate judge's finding that § 627.409(2) of the Florida Insurance Code does not apply to express exclusions in a contract or insurance policy.

**I.  Lack of Fortuity**

Under Florida law, recovery under an all-risk insurance policy is permitted for fortuitous losses not resulting from fraud or misconduct, provided the policy does not contain a provision expressly excluding such losses from coverage. Fayad v. Clarendon Nat'l Ins. Co., 899 So. 2d 1082, 1086 (Fla. 2005); Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co., 944 F. Supp. 866, 892 (M.D. Fla. 1996).  The parties agree that the policy at issue is an all-

---

[2]The report and recommendation, as well as the objections and response, address Count II before discussing Count I.  For consistency and to avoid confusion, the Court will discuss the issues in like order.

4

risk policy as that term is defined in marine insurance law. (Doc. # 60 at 2). Resmondo also "accepts and recognizes" Judge McCoun's definition of a fortuitous loss. (Id.)

Judge McCoun referred to the discussion of fortuity in International Ship Repair & Marine Services, Inc., where the court noted that fortuitous events are "accidents or casualties of the sea, unforeseen and unexpected events, and [are not] . . . losses occasioned by the incursion of water into a vessel's hull owing to the defective, deteriorated or decayed condition of the hull or ordinary wear and tear." Int'l Ship Repair, 944 F. Supp. at 893 (citations omitted). On the other hand, "a loss is not considered fortuitous if it results from an inherent defect in the object damaged, from ordinary wear and tear, or from the intentional misconduct of the insured." Id. at 892-93 (citations omitted).

Axis's expert, a marine surveyor, appraiser, marine insurance claims adjuster and marine accident investigator with over thirty years of experience, issued his fourteen page report after conducting a thorough examination of the vessel that included laboratory testing of certain "vessel drive parts." (Doc. # 31-2 at 9-22). He summarized his findings as follows: "The probable cause of the failure that sank Mr. Resmondo's vessel was a metal fracture that occurred before he

5

bought the boat. That was a wear and tear problem. He did not have an accident." (Id. at 9). The expert's survey report went on to detail his specific findings.[3] (Id. at 10-20). In conclusion, the report stated, "This vessel sank due to the significant failure of the port outdrive. That was caused by wear and tear over time. That failure began before Mr. Resmondo bought the vessel." (Id. at 20).

Judge McCoun concluded that the undisputed evidence showed that "the water intrusion and ultimate sinking of the vessel was caused by the failure of the gimbal ring and that such failed due to a gradual deterioration resulting from wear, tear, and corrosion." (Doc. # 56 at 16). As Judge McCoun noted, Resmondo has not offered any evidence to contradict Axis's expert's findings.

Resmondo's current objections raise, for the first time, the argument that other language in the expert report reflects

---

[3] According to Plaintiff's expert, the chain of events leading to the sinking were as follows: A significant grounding occurred some years prior to Resmondo's purchase of the vessel, resulting in a partial fracture of the port outdrive gimbal ring. (Doc. # 31-2 at 20-21). The fracture faces were then exposed to seawater for an extended period of time and corroded. (Id.) Eventually, the weakened gimbal ring fractured all the way through, causing the outdrive bell housing to break. (Id.) The broken bell housing cut through the rubber universal joint bellows, causing water to enter the vessel. (Id.)

6

inconsistent findings regarding the cause of the sinking of the vessel. (Doc. # 60 at 4). The Court rejects this argument, as it is clear from the expert report that, although there was a series of events that eventually lead to the second fracture of the gimbal ring and the sinking of the vessel, the "efficient cause" of the sinking was the corrosion of the gimbal ring over an extended period of time.

When determining whether a loss from a partial sinking is covered under an insurance policy, the court is to examine the proximate cause of the loss. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., No. 06-60889-CIV, 2008 WL 4221635, at *3 (S.D. Fla. May 6, 2008) (citing Lanasa Fruit S.S. & Importing Co. v. Universal Ins. Co., 302 U.S. 556, 562 (1938)), *vacated in part on other grounds*, 561 F.3d 1181 (11th Cir. 2009). In matters such as this, proximate cause is understood to be "the efficient cause and not merely an incidental cause which may be nearer in time to the result." Lanasa Fruit S.S. & Importing Co., 302 U.S. at 562. The Court agrees that the undisputed evidence in Plaintiff's expert's report establishes that the efficient cause of the loss was the gradual corrosion of the gimbal ring, and thus the sinking of the vessel was a non-fortuitous loss that is not covered under the marine insurance policy.

**II. Wear and Tear Exclusion**

As previously argued in opposition to Plaintiff's motion for summary judgment, Resmondo contends that § 627.409(2) of the Florida Insurance Code applies to the insurance policy issued by Axis and thus there remains a genuine issue of material fact as to whether Axis may rely on the wear and tear exclusion to deny coverage. (Doc. # 60 at 7-8). Section 627.409(2) of the Florida Insurance Code provides that a breach or violation by the insured of any condition or provision of a marine insurance policy does not "render void the policy or contract" unless the breach or violation "increased the hazard by any means within the control of the insured." Fla. Stat. § 627.409(2). Resmondo contends that there is an absence of evidence that his alleged breach of the wear and tear exclusion increased the hazard, in this case the sinking of the insured vessel, by any means within Resmondo's control. (Doc. # 60 at 8).

Judge McCoun rejected this argument, finding that § 627.409(2) does not apply to exclusionary provisions in a contract or policy of insurance. (Doc. # 56 at 21). Judge McCoun cited to the decision in United States Aviation Underwriters, Inc. v. Sunray Airline, Inc., where Florida's appellate court concluded that the legislature did not intend

§ 627.409(2) to "give an insured coverage which is expressly excluded from the policy." 543 So.2d 1309, 1312 (Fla. 5th DCA 1989) (citing AIU Ins. Co. v. Block Marine Inv., Inc., 544 So. 2d 998, 999 (Fla. 1989)) (considering § 627.409(2) inapplicable to exclusionary provisions in an insurance policy because an insured cannot breach something that was never covered under the policy). Indeed, it is well established that courts are not to rewrite insurance policies and, provided no public policy is violated, "an insurer has a right to decide which risks it will and which it will not insure against." Id.; Nat'l Union Fire Ins. Co. of Penn. v. Carib Aviation, Inc., 759 F.2d 873, 876 (11th Cir. 1985) ("a court is not free to rewrite an insurance policy or add meaning to it that is not really there").

The Court agrees that § 627.409(2) of the Florida Insurance Code does not apply to the wear and tear exclusion because that exclusion is not capable of being breached or violated by the insured. As discussed above, the efficient cause of Resmondo's loss was wear and tear, corrosion, and the resultant gradual deterioration of the gimbal ring. Thus, the loss resulting from the partial sinking of the insured vessel falls within the wear and tear exclusion and is not covered by the marine insurance policy issued by Axis.

**III. Breach of Implied Warranty of Seaworthiness**

In its motion for summary judgment, Axis argues that Resmondo breached the absolute implied warranty of seaworthiness because his vessel was unseaworthy at the time he obtained the insurance policy from Axis. Because Axis's expert did not render an opinion as to whether or not the partially fractured gimbal ring rendered the vessel unseaworthy at the time the policy attached, Judge McCoun concluded that summary judgment on Count III was precluded by the existence of genuine issues of material fact.

Neither party has asserted objections regarding this determination and the Court agrees with Judge McCoun's factual findings in this regard. Thus, the Court denies Axis's summary judgment motion as to Count III.

After careful consideration of the Report and Recommendation, Resmondo's objections, and Axis's response, in conjunction with an independent review of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Summary judgment is therefore granted as to Counts I and II of Plaintiff's complaint. The rulings on Counts I and II render moot Resmondo's counterclaim for breach of contract. Therefore, Resmondo's counterclaim is dismissed with prejudice. This

case will proceed only on Count III for Breach of Implied Warranty of Seaworthiness.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 56) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion for Summary Judgment (Doc. # 29) is **GRANTED** as to Counts I and II and **DENIED** as to Count III.

(3) Defendant's counterclaim for breach of contract (Doc. # 14) is **DISMISSED with prejudice.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

11